Everett H. O'DOWD and Cornelia N. O'Dowd, Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

ROBINSON WATER COMPANY, Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 76-4493.

United States Court of Appeals, Fifth Circuit.

May 18, 1979.

Rehearing Denied June 14, 1979.

John Lock, Austin, Tex., for petitioners-appellants.

Gilbert E. Andrews, Acting Chief, App. Section, U. S. Dept. of Justice, Myron C. Baum, Acting Atty. Gen., Meade Whitaker, Chief Counsel, Internal Revenue Service, Robert A. Bernstein, James M. Edmisten, Attys., Ronald A. Dweck, Tax Div., Dept. of Justice, Washington, D. C., for respondent-appellee.

Before JONES, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

The taxpayers, Everett H. O'Dowd and Cornelia N. O'Dowd, husband and wife, owned seventy per cent of Robinson Water Company, an unincorporated water utility serving Robinson, a suburb of Waco, Texas. The remaining thirty per cent interest was owned by their daughter who did not participate in profits. In 1962 Robinson Water Company, a partnership, made an election under 26 U.S.C.A. § 1361 to be taxed as a corporation. In 1966 Congress amended Section 1361 authorizing voluntary revocation of existing elections and providing that any election not so revoked would terminate by operation of law on January 1, 1969. The O'Dowds did not voluntarily revoke their election and it was terminated on January 1, 1969, under Section 1361(n) of the 1966 statute.

The Internal Revenue Service treated Robinson Water Company as if it had made a complete corporate taxable liquidation on January 1, 1969. The Internal Revenue Service based its determination on Treasury

Regulation § 1.1361–16(b). The regulation, in part, provides that "The section 1361 corporation and its owners shall be treated as if the corporation had distributed its assets in a complete liquidation on January 1, 1969".

The taxpayers lean heavily on *Estate of J. O. Willett v. Commissioner*, 5th Cir. 1966, 365 F.2d 760. The reliance is misplaced. In *Willett*, the regulation at issue, Treasury Regulation § 1.1361–5(b), imposed corporate liquidation tax treatment upon the incorporation of an unincorporated business enterprise which had previously elected to be taxed as a corporation under Section 1361. The intent of the 1954 Congress which enacted Section 1361 was to minimize the effect of income tax considerations on businessmen's choice of business organization. Since the regulation there applicable imposed a tax on a purely formal business readjustment, it was inconsistent with the legislative intent of Section 1361 as enacted and therefore the regulation was invalid.

In this case the regulation is not the same as that in the *Willett* case. Here the regulation, Section 1.1361–16(b), imposed corporate liquidation tax treatment of the appellants' Section 1361 election. The termination was not pursuant to Section 1361 as enacted but under the section as amended. The Congressional intent is expressed in the Senate Committee report where it is stated, "The revocation or termination of an election (without any transfer to an actual corporation) under your committee's amendment will be treated, for Federal income tax purposes, as a complete liquidation of a corporation." S.Rep.No.1007 (Senate Finance Committee), 89th Cong., 2d Sess. 1, 22 (1966); U.S.Code Cong. & Admin.News 1966, pp. 2141, 2151.

In a recent decision of the Eighth Circuit Court of Appeals the regulation has been upheld, construed and applied in a consolidated appeal where the issue was the same as that now before this Court. *Prescott, et al. v. Commissioner*, 8th Cir. 1977, 561 F.2d 1287.

The challenged regulation is consistent with the legislative intent and the imposition of a corporate liquidation tax upon the termination of a Section 1361 election is valid.

The decision of the Tax Court is

AFFIRMED.

JAMES C. HILL, Circuit Judge, specially concurring:

I concur in the panel opinion, but I offer these additional comments.

In February of 1962 the taxpayers elected to be taxed as a corporation under Section 1361; at that time the law provided that their election was irrevocable. Dismayed over the meager number of elections made under the statute, Congress in 1966 amended the ill-fated Section 1361 to allow for the voluntary revocation of these once "irrevocable" elections; elections not voluntarily revoked would be terminated by operation of law on January 1, 1969. In amending the statute, Congress permitted taxpayers whose Section 1361 "corporations" were "liquidated" by the revocation or termination of their elections to avoid the tax consequences of this "liquidation" by incorporating their businesses under state law. No similar break was given to taxpayers who did not choose to incorporate. On January 1, 1969, these taxpayers' election terminated. In accordance with Treasury Regulation § 1.1361–16(b), the Internal Revenue Service treated this termination as a taxable corporate liquidation and the Commissioner assessed a deficiency against the taxpayers for the calendar year 1969.

The taxpayers argue, quite persuasively, that the Commissioner's treatment of their election as a "liquidation" is a mere fiction because they have continued to operate their business as a proprietorship. Although we agree that no actual liquidation has occurred, Congressional intent could not be clearer: taxpayers who incorporate following the termination of revocation of their election may avoid adverse tax consequences, while taxpayers who do not so incorporate must pay taxes on their corporate "liquidation." Such is the law. It is not our province to question the wisdom of

such a result; we simply apply the law as expressed by the will of Congress. Any relief for the taxpayers must come from Congress and not through the emasculation of the statute by judicial gloss. *See Manatee County v. Train*, 583 F.2d 179, 184 (5th Cir. 1978) (Hill, J., concurring).